IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **PHOENIX EAST ASSOCIATION, INC.,** | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. _____ |
| vs. | ) |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY,** an Agent of Chubb, | ) **PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY** |
| Defendant. | ) |

## COMPLAINT

COMES Plaintiff, Phoenix East Association, Inc. ("Phoenix East") and states as follows for its complaint against Defendant Westchester Surplus Lines Insurance Company ("Westchester"):

## THE PARTIES

1. Plaintiff is an Alabama non-profit corporation with its principal place of business in Baldwin County, Alabama.

2. Defendant Westchester, an agent of Chubb, is a foreign entity engaged in the business of selling property insurance and doing business in Baldwin County, Alabama.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this case

1

pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

4. Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391, because this suit concerns real and personal property located in this judicial district, and it is where a substantial part of the events at issue took place.

5. This Court has personal jurisdiction over Defendant because at all relevant times it has engaged in substantial business activity in the State of Alabama. At all relevant times Defendant transacted, solicited, and conducted business in Alabama through its employees, agents and/or sales representatives, and derived substantial revenue from such business in Alabama.

## FACTUAL ALLEGATIONS

6. Defendant provided insurance coverage to Plaintiff under Policy Number D42227845 003 (the "Policy") during the coverage period of May 15, 2020 through May 15, 2021. A copy of the Policy is attached hereto as **Exhibit A**. The Policy covers "direct physical loss of or damage to Covered Property," including without limitation the building or structure located at 24230 Perdido Beach Blvd. in Orange Beach, Alabama, and known as "Phoenix East."

7. In September 2020, Hurricane Sally caused substantial damage to Phoenix East.

8. In September 2020, and at all relevant times, the Policy provided coverage for damage to Phoenix East caused by a named hurricane such as Hurricane Sally.

9. Plaintiff made a claim to the Defendant Insurers for coverage under the Policy with respect to the damage to Phoenix East caused by Hurricane Sally.

10. Plaintiff has satisfied its obligations and duties under the Policy. All premiums due have been paid and all conditions precedent to coverage under the Policy have been performed, or alternatively, have been excused from performance by the acts, representations, and/or conduct of Defendants. Plaintiff has exhausted its deductible(s) under the Policy with respect to obtaining coverage under the Policy with respect to the damage caused by Hurricane Sally to Phoenix East.

11. Defendant does not dispute that a covered loss occurred with respect to the damage to Phoenix East caused by Hurricane Sally. In fact, Defendant has admitted that a loss with a value of at least $447,037.19 occurred as a result of Hurricane Sally.

## COUNT I

## BREACH OF CONTRACT

12. Pursuant to the Policy, Westchester has a contractual obligation to pay the full amount of Phoenix East's covered losses, including the costs to repair, restore, and/or replace interiors, HVAC units, exteriors, mechanical systems, doors,

windows, and roofs.

13. Plaintiff has fully performed under the Policy, including without limitation by paying all premiums due under the Policy, timely notifying Defendant of the damage to its building following Hurricane Sally, submitting its proof of loss, exhausting the applicable deductible, and performing all conditions under the Policy.

14. The Defendant has breached the Policy by failing to pay Plaintiff all benefits due and owing under the Policy.

15. In doing so, Defendant has relied upon an inadequate adjustment and investigation of this claim, finding only $447,037.19 in damages thus far. The unpaid amount of damages claimed by Plaintiff to date is $56,130,611.76.

16. As a direct and contemplated result of the Defendant's breach of the Policy, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays that this Court will enter judgment in Plaintiff's favor against the Defendant for compensatory damages, costs, prejudgment interest, and attorneys' fees and to grant such other and further relief as the Court deems appropriate.

## COUNT II

## BAD FAITH

17. Plaintiff incorporates the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

18. Plaintiff timely notified Defendants of the damage to its Condominium building following Hurricane Sally.

19. Plaintiff gave notice of the damage, paid all premiums due under the policy, and submitted its proof of loss and performed its conditions under the policy.

20. Defendant has in turn rejected the Plaintiff's claim for damages and have failed or refused to pay Plaintiff's contractual claim for damages resulting from Hurricane Sally.

21. In so doing, Defendant has relied upon a grossly inadequate adjustment and investigation of this claim, including by its consultants McLarens.

22. By failing to properly and adequately conduct a reasonable investigation to adjust and determine the causation, scope and amount of Plaintiff's Hurricane Sally related claim, by unreasonably delaying payments, and by refusing to participate in the appraisal process Plaintiff invoked under the policy on September 10, 2021, Defendant has breached the common law duty of good faith and fair dealing in adjusting this loss.

23. Moreover, Defendant has unreasonably delayed its investigation and adjustment of this claim. For example, on July 1, 2022 Plaintiff submitted a Proof of Loss and supporting estimate to Defendant. Defendant then caused its

consultants to inspect Phoenix East in September. More than five months have elapsed but Defendant has failed to respond to Plaintiff's July 1, 2022 claim submission.

24.   As a result of the Defendant's bad faith handling of this claim, Plaintiff has suffered damages between the amount it has claimed due to damages from Hurricane Sally and the amount the Defendants assert to be caused by said storm.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for compensatory damages, including policy proceeds, attorneys' fees and costs, punitive damages, and for such further relief as the Court may deem just.

**Plaintiff respectfully requests a trial by jury.**

Respectfully Submitted

*/s/ Kristopher O. Anderson*
KRISTOPHER O. ANDERSON (AND112)

*/s/ John Parker Yates*
JOHN PARKER YATES (YAT010)

YATES ANDERSON
4851 Wharf Parkway, Ste D-230
Orange Beach, AL 36561
kris@yatesanderson.com
parker@yatesanderson.com
*Attorneys for Plaintiff*